NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**In re: GOOGLE LLC,**
*Petitioner*

---

2020-144

---

On Petition for Writ of Mandamus to the United States District Court for the Eastern District of Texas in No. 2:19-cv-00090-JRG, Chief Judge J. Rodney Gilstrap.

---

## ON PETITION AND MOTION

---

Before REYNA, WALLACH, and CHEN, *Circuit Judges.*

REYNA, *Circuit Judge.*

### O R D E R

Google LLC petitions for a writ of mandamus ordering the United States District Court for the Eastern District of Texas to vacate and reconsider its decision denying Google's motion to dismiss or transfer the case for improper venue under 28 U.S.C. § 1400(b). Google also asks this court to stay the district court proceedings pending resolution of the venue issue at this court and on remand to the district court. Personalized Media Communications LLC ("PMC") opposes.

In March 2019, PMC sued Google in the Eastern District of Texas, alleging that Google was infringing six of PMC's patents related to adaptive video streaming. PMC initially asserted venue was proper in the Eastern District of Texas based on the presence of several Google Global Cache ("GGC") servers at facilities owned by internet service providers (ISPs) located within the district. In June 2019, Google moved to dismiss for improper venue, contending that it did not reside in the Eastern District of Texas and had no "regular and established place of business" in that district. 28 U.S.C. § 1400(b).

On February 13, 2020, while Google's motion to dismiss was pending and the parties were conducting venue-related discovery, this court in *In re Google LLC*, 949 F.3d 1338 (Fed. Cir. 2020) rejected PMC's venue argument premised on the GGC servers asserted by a different plaintiff against Google. The court held that a "'regular and established place of business' requires the regular, physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged 'place of business.'" *Id.* at 1345. Looking to the Restatement (Third) of Agency's definition of agency, the court concluded that the ISPs were not acting as Google's agent for purposes of § 1400(b). We further concluded that the ISPs' maintenance of the GGC servers was "merely connected to" and "ancillary" to Google's business, *id.* at 1346–47.

After *Google* issued, PMC offered in supplemental briefing a different venue theory based on Google's agreements with Communications Test Design, Inc. ("CTDI") to warehouse, refurbish, repair, and ship Google hardware products such as Google's cellphones and speakers from CTDI's facility located in Flower Mound, Texas. On July 16, 2020, the district court denied Google's motion. Google then filed this petition seeking a writ of mandamus, challenging the court's determinations that CTDI is acting as Google's agent and also whether CTDI is conducting Google's business from its Flower Mound facility. Google

also asks to stay the proceedings, including the upcoming trial that is set to begin in October 2020.

A party seeking a writ bears the heavy burden of demonstrating to the court that it has no "adequate alternative" means to obtain the desired relief, *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 309 (1989), and that the right to issuance of the writ is "clear and indisputable," *Will v. Calvert Fire Ins.*, 437 U.S. 655, 666 (1978) (internal quotation marks omitted). And even when those requirements are met, the court must still be satisfied that the issuance of the writ is appropriate under the circumstances. *Cheney v. U.S. Dist. Court for the Dist. of Columbia*, 542 U.S. 367, 381 (2004).

Google raises viable arguments based on the law of agency and this court's precedent, and we are concerned that the district court did not move more quickly to resolve Google's motion. Nonetheless, we are not satisfied that, based on the record before us, Google's right to a writ is clear and indisputable. Moreover, Google can obtain meaningful review of the district court's venue ruling after final judgment in the case, *In re HTC Corp.*, 889 F.3d 1349, 1353 (Fed. Cir. 2018).

Accordingly,

IT IS ORDERED THAT:

The petition for a writ of mandamus is denied and the motion to stay proceedings is denied as moot.

FOR THE COURT

September 18, 2020          /s/ Peter R. Marksteiner
        Date                       Peter R. Marksteiner
                                   Clerk of Court

s35